MISSOURI PACIFIC RAILROAD COMPANY v. HANS P. LAU.

FILED FEBRUARY 9, 1899.   No. 8297.

1. **Bills of Lading**: CONSIGNMENT TO SHIPPER: TITLE. A party who ships goods by common carrier, consigned in the bill of lading to himself, his agent, or the order of either, will be presumed to have intended to retain the title to the goods.

2. ———: ———: REBUTTAL OF PRESUMPTION. Such presumption may be rebutted by proof; and where the question of the intention is litigated, it is one of fact for the jury, unless conclusively established by the evidence.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*B. P. Waggener, J. W. Orr*, and *A. R. Talbot*, for plaintiff in error.

References: *Hooper v. Chicago & N. W. R. Co.*, 27 Wis. 81; *Michigan C. R. Co. v. Phillips*, 60 Ill. 190; *Pennsylvania R. Co. v. Stern*, 35 Am. & Eng. R. Cas. [Pa.] 551; *Furman v. Union P. R. Co.*, 32 Am. & Eng. R. Cas. [N. Y.] 500; *Libby v. Ingalls*, 124 Mass. 503; *McEwen v. Jeffersonville, M. & I. R. Co.*, 33 Ind. 368; *Gates v. Chicago, B. & Q. R. Co.*, 42 Neb. 379; *Union P. R. Co. v. Johnson*, 45 Neb. 57; *Union Stock Yards Co. v. Westcott*, 47 Neb. 300.

*Willard E. Stewart, contra.*

Defendant in error did not file a brief.

HARRISON, C. J.

The defendant in error instituted this action to recover the damages alleged to have been occasioned to him by reason of the negligence or lack of care of the plaintiff in error during the transporting over its line of road from St. Louis into Lincoln a car load of oranges in transit from Leesburg, Florida, to Lincoln, by reason of which negligence it was alleged the oranges were frost-bitten or frozen and were rendered partially or wholly valueless. The company answered the complaint of the defendant in error, and a trial resulted in a verdict and judgment against the company, of which it now seeks a reversal.

It appears that one E. H. Mote shipped 250 boxes of oranges, of which shipment the bill of lading disclosed that he was the consignor, and under the printed words on the face of said bill, "Marks," "Full name and address of consignee must be given in every case," appeared in writing, "S/O. Notify H. P. Lau, Lincoln, Neb." The "S/O," it was testified, were used to indicate, or meant, "Shipper's order," and that the goods, of which the bill of lading in which they appeared, were consigned to be delivered to the shipper at their destination. The bill of lading in this case was attached to a draft and with it forwarded to a bank in Lincoln, the bill to be delivered to H. P. Lau on payment of the draft which it accompanied. That the oranges were shipped to the order of the consignor, as evidenced by the bill of lading, was presumptive or almost conclusive of the fact of the continued title or ownership in the shipper, but it is competent and allowable to show to the contrary. (Benjamin, Sales sec. 399 and American note thereto; Newmark, Sales [pony series] sec. 147; 21 Am. & Eng. Ency. Law 508; *Merchants Nat. Bank v. Bangs*, 102 Mass. 291; *Dows v. National Exchange Bank*, 91 U. S. 618.) The same doctrine is recognized in *Gates v. Chicago, B. & Q. R. Co.*, 42 Neb. 379; *Union Stock Yards Co. v. Westcott*, 47 Neb.

300; *Union P. R. Co. v. Johnson*, 45 Neb. 57.   It was stated by RAGAN, C., in the opinion in *Neimeyer Lumber Co. v. Burlington & M. R. R. Co.*, 54 Neb. 321: "Where a vendor of goods delivers them to a carrier for transit to his vendee, and causes the goods to be consigned in the bill of lading to himself, his agent, or his order, the presumption arises that he thereby intended to retain the title in himself to the goods."   The same rule was voiced in the dissenting opinion in the case by Judge NORVAL.   (See 54 Neb. 343.)   The other members of the court made no expression on the subject at that time.

In the case at bar the court instructed the jury: "Hans P. Lau, the plaintiff, under the law, was so far the owner of the car of oranges as that he is entitled to maintain this action, but his right of action for any act or omission of defendant during transit of said car is governed by the contract of shipment made by E. H. Mote, the shipper, and the railroads, and Lau has thereunder the same rights as Mote would have, no more, no less."   That this was an error is of the assignments presented for review. The evidence did not clearly establish that there had been any change of the ownership of the goods from the shipper to the defendant in error.   It could be at most a question of fact to be submitted to the jury.   (*Merchants Nat. Bank v. Bangs, supra*.)   It was therefore prejudicial error to charge the jury that the defendant in error had sufficient title to the goods to enable him to maintain the action for damages.

There was but one brief filed in this case, that for the plaintiff in error.

There are discussions of some other alleged errors other than the one we have considered, but inasmuch as the judgment must be reversed and the cause remanded for further proceedings, we do not deem it necessary to examine and decide them at this time.

REVERSED AND REMANDED.